IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

BONNIE JEAN DUFFY, )
 )
       Plaintiff, )
 )
v. ) Case No. CIV-14-014-RAW-KEW
 )
CAROLYN W. COLVIN, Acting )
Commissioner of Social )
Security Administration, )
 )
       Defendant. )

## **REPORT AND RECOMMENDATION**

Plaintiff Bonnie Jean Duffy (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

## **Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

standards were applied. <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. <u>Casias v. Secretary of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." <u>Universal Camera Corp. v. NLRB</u>, 340 U.S. 474, 488 (1951); *see also*, <u>Casias</u>, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on June 19, 1953 and was 59 years old at the time of the ALJ's decision. Claimant completed her high school education and some college classes. Claimant has worked in the past as a licensed practical nurse. Claimant alleges an inability to work beginning October 20, 2010 due to limitations resulting from back pain, headaches, gastroenteritis with diarrhea,

arthritis, and depression.

**Procedural History**

On November 5, 2010, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. An administrative hearing was conducted by Administrative Law Judge James Bentley ("ALJ") on November 14, 2012 by video with Claimant appearing in Plano, Texas and the ALJ presiding in McAlester, Oklahoma. The ALJ issued an unfavorable decision on November 28, 2012. On November 19, 2013, the Appeals Council denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she retained the RFC to perform a full range of medium work prior to September 21, 2012 but that she could only perform a full range of light work after that date. However, based upon the application of Medical-Vocational Rule 202.06, Claimant was disabled beginning on September 21, 2012.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in (1) failing to properly evaluate the opinions of the state agency medical consultants; and (2) reaching a legally flawed conclusion that Claimant did not become disabled until September 21, 2012.

**Consideration of the Medical Consultants' Opinions**

In his decision, the ALJ determined Claimant suffered from the severe impairments of degenerative disc disease of the lumbar spine and generalized arthritis. (Tr. 15). He concluded that Claimant retained the RFC to perform a full range of medium work until September 21, 2012 when Claimant could only perform a full range of light work. (Tr. 17, 21). However, due to Claimant's age, education, work experience, and RFC, no jobs existed in significant numbers in the national economy that Claimant could perform. She, therefore, was found to be disabled through application of Medica-Vocational Rule 202.06. (Tr. 22).

Claimant contends the ALJ failed to properly evaluate the opinions of the state agency medical consultants. Specifically, Claimant asserts the ALJ did not apply the evaluative factors to the opinions of Dr. Janet Rodgers and Dr. Walter Bell. On May 11, 2011, Dr. Rodgers completed a Physical Residual Functional Capacity Assessment form on Claimant. She determined Claimant could lift/carry up to 50 pounds occasionally and 25 pounds frequently,

could stand/walk for about 6 hours in an 8 hour workday, could sit about 6 hours in an 8 hour workday, and could engaging in unlimited pushing and pulling. (Tr. 281). Dr. Rodgers also limited Claimant to only occasional climbing ladders, ropes, and scaffolds and stooping. (Tr. 282). Dr. Walters affirmed the RFC findings on September 26, 2011 after reviewing the medical evidence. (Tr. 350).

The ALJ acknowledged these non-examining physicians' opinions noting

> I must not ignore these opinions, and must explain the weight given to them. In this particular case, State Agency physicians assessed a residual functional capacity for medium work with occasional climbing of ladders/ropes/scaffolds and occasional stooping. . . . I generally agree with the assessment of medium work; however, as noted by the findings of Dr. Cooper, claimant had full range of motion of the cervical, thoracic, and lumbar spine. Therefore, I find that the additional limitations of stooping and climbing are not generally supported by the examination findings. Such opinions by program physicians are afforded the weight of expert medical opinions by non-examining physicians in accordance with Social Security Ruling 96-6p.

(Tr. 20).

Dr. William Cooper conducted a consultative examination of Claimant on March 25, 2011. He found Claimant had full range of motion in both the lumbar, cervical, and thoracic spine areas. (Tr. 260-61). He did not render an opinion on functional

6

limitations. Dr. Cooper's opinion was inconsistent with the opinions of Claimant's treating physicians, Dr. Deborah Fisher and Dr. C. D. Garvin, in some respects. Dr. Fisher consistently found Claimant to have normal range of motion of the cervical spine for Claimant's age but positive straight leg raise testing and lumbar paraspinal tenderness and increased pain with flexion in examinations from 2010 through 2012. (Tr. 242, 244, 247, 250, 253, 352, 354, 355, ). Dr. Garvin found evidence of paraspinal muscle spasms and Claimant's range of motion of the lumbar spine was restricted secondary to pain in examination conducted in 2011 and 2012. (Tr. 337, 339, 342, 343, 345, 373-74, 376, 381, 413, 418). He also found Claimant positive for straight leg raising. (Tr. 347).

The ALJ is required to consider all medical opinions, whether they come from a treating physician or non-treating source. Doyle v. Barnhart, 331 F.3d 758, 764 (10th Cir. 2003); 20 C.F.R. § 416.927(c). He must provide specific, legitimate reasons for rejecting any such opinions. The ALJ must also give consideration to several factors in weighing any medical opinion. Id.; 20 C.F.R. § 416.927(d)(1)-(6). The ALJ failed in this analysis with regard to both Dr. Rodger's and Dr. Walters' opinions on Claimant's functional limitations. It is apparent that Dr. Rodgers examined

7

the records from Dr. Fisher in particular since her assessment contains identical language used in Dr. Fisher's reports from her examinations of Claimant. In essence, by rejecting Dr. Rodger's non-examining opinion on Claimant's limitations, he also rejected the diagnostic findings of Claimant's treating physicians, Drs. Garvin and Fisher and favored the examining consultative physician's opinion without sufficient explanation. On remand, the ALJ shall explain the discrepancy in the record and order additional functional evaluations of Claimant, if required to make an informed finding.

### Onset Date Determination

Claimant contends the ALJ should have found her disability onset date to be October 20, 2010 rather than September 12, 2012. In his decision, the ALJ determined Claimant's onset date based upon the date Dr. Garvin completed a medical source statement in connection with Claimant's request to discharge a federal student loan. In that statement, Dr. Garvin found Claimant could not lift over 5 pounds and could not walk or stand for long periods of time. (Tr. 21).

The determination of a claimant's onset date requires the application of Soc. Sec. R. 83-20 which provides, in pertinent part:

> With slowly progressive impairments, it is sometimes impossible to obtain medical evidence establishing the precise date an impairment became disabling. . . . In such cases, it will be necessary to infer the onset date from the medical and other evidence that describe the history and symptomatology of the disease process. Particularly in the case of slowly progressive impairments, it is not necessary for an impairment to have reached listing severity (i.e, be decided on medical grounds alone) before onset can be established.
>
> In determining the date of onset of disability, the date alleged by the individual should be used if it is consistent with all the evidence available. When the medical or work evidence is not consistent with the allegation, additional development may be needed to reconcile the discrepancy. However, the established onset date must be fixed based on the facts and can never be inconsistent with the medical evidence of record.

"In disabilities of nontraumatic origin, the determination of onset involves consideration of the applicant's allegations, work history, if any, and the medical and other evidence concerning impairment severity." Soc. Sec. R. 83-20. In determining the onset date of a disability, "the relevant analysis is whether the claimant was actually disabled prior to the expiration of her insured status." Potter v. Sec. of Health & Human Servs., 905 F.2d 1346,1348-49 (10th Cir. 1990). If the onset date of a disability must be inferred, the ALJ should consult a medical advisor. Soc. Sec. R. 83-20. The necessity to engage the services of a medical advisor, however, only arises if the medical evidence of onset is ambiguous. Blea v. Barnhart, 466 F.3d 903, 910 (10th Cir. 2006).

While it is often easier to determine the onset date to be the date of diagnosis, "only in the rarest of cases is a person's disabling condition diagnosed on the day it begins." McClellan v. Apfel, 2000 WL 433094, 9 (D. Kan.).

The medical record indicates Claimant began demonstrating restrictions in her mobility as early as February 12, 2010 when Dr. Fisher noted in an examination that Claimant experienced lumbar paraspinal tenderness, increased pain with flexion, and positive straight leg raising. (Tr. 253). However, the record does not contain definitive indications of the extent of Claimant's functional limitations at this early time. On remand, the ALJ shall apply the required assessment contained in Soc. Sec. R. 83-20 and the instructive case authority interpreting it.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order.

The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with

the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 10th day of February, 2015.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE