# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

BONNIE JEAN DUFFY,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,

    Defendant.

Case No. CIV-14-014-RAW-KEW

## ORDER

Before the court is Plaintiff's application for attorney fees under the Equal Access to Justice Act (hereinafter "EAJA") [Docket Nos. 19 and 22]. Plaintiff requests $6,772.20 for 30.8 hours of attorney time, 3.9 hours of paralegal time and 2.6 hours of attorney time expended on fee litigation.[1] Plaintiff also requests $423.25 for filing fees and costs of service. The Government objects to the motion.

On February 10, 2015, the United States Magistrate Judge recommended that this action be reversed and remanded to the Administrative Law Judge (hereinafter "ALJ"). The Government did not object. On March 12, 2015, this court reversed and remanded this action to the ALJ. The Government now argues that the court should deny Plaintiff's application for EAJA fees because its position in this case was substantially justified.

EAJA entitles a prevailing party to recover reasonable attorney fees from the Government "unless the court finds that the position of the United States was substantially justified or that

---

[1] In the event the court awards EAJA fees, the Government does not dispute that Plaintiff would be entitled to an additional fee award to compensate counsel for fee litigation.

special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). To be substantially justified, the Government's position must be "'justified in substance or in the main' – that is, justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988).

The Government has the burden of demonstrating that its position was substantially justified, "a test that, in this circuit, means [its] position was reasonable in law and in fact and thus can be 'justified to a degree that could satisfy a reasonable person.'" Harrold v. Astrue, 372 Fed.Appx. 903, 904 (10th Cir. 2010) (quoting Hackett v. Barnhart, 475 F.3d 1166, 1172 (10th Cir. 2007)). The Government's position may be justified even if it is incorrect. Id. Both the Government's "prelitigation and litigation positions must have reasonable bases in fact and law to be considered substantially justified." Id. (citing Gutierrez v. Sullivan, 953 F.2d 579, 585 (10th Cir. 1992). Generally, EAJA fees will be awarded when the Government's prelitigation action was unreasonable even if the Government thereafter advances a reasonable litigation position. Hackett, 475 F.3d at 1174.

The ALJ made the decision to deny benefits at step five of the sequential evaluation. The Magistrate Judge and this court determined that the ALJ rejected the diagnostic findings of Plaintiff's treating physicians without sufficient explanation and that the ALJ failed to apply the required assessment contained in Soc. Sec. R. 83-20 to determine the onset date of Plaintiff's disability. As Plaintiff argues, this was not harmless or substantially justified.

For the foregoing reasons and upon full consideration of the entire record and the issues herein, the court finds that the Government's position in the underlying action and in this litigation was not substantially justified. The court also finds that Plaintiff's requested fees are

reasonable. It is therefore ordered that Plaintiff's application for attorney fees is approved in the amount of $6,772.20 in attorney and paralegal fees and $423.25 in filing fees and costs.[2]

**IT IS SO ORDERED** this 6th day of October, 2015.

Ronald A. White
United States District Judge
Eastern District of Oklahoma

---

[2] Pursuant to the agreement between Plaintiff and her counsel, the fees and costs will be paid directly to her counsel. See Docket No. 19, Exh. 2.